STATE OF NEW YORK

SUPREME COURT  :  COUNTY OF ERIE

---

**In the Matter of the Claim of**   INDEX NO.: 801364/2018

    **KEYONTAY RICKS**
                         Plaintiff

vs.

**CITY OF BUFFALO**                                     **MEMORANDUM**
**DETECTIVE CHRISTOPHER DATES**
**DETECTIVE MARK LAUBER**
**DETECTIVE JOANNA CINO**
**TOWN OF AMHERST**
**OFFICER THOMAS BROWN**
**COUNTY OF ERIE**
**A.D.A. MICHAEL McHALE**
                         Defendants

---

        APPEARANCES:

        DAVID C. LAUB, ESQUIRE
        Attorney for Plaintiff, **Keyontay Ricks**

        TIMOTHY A. BALL
        Corporation Counsel
            MAEVE E. HUGGINS, Assistant Corporation Counsel
        Attorney for Defendants, **City of Buffalo, Detective Christopher Dates,**
                    **Detective Mark Lauber, Detective Joanna Cino**

        MICHAEL A. SIRAGUSA
        Erie County Attorney
            ANTHONY B. TARGIA, Assistant County Attorney
        Attorney for Defendants, **County of Erie, A.D.A. Michael McHale**

        CHELUS HERDZIK SPEYER & MONTE, P.C.
            MICHAEL J. CHMIEL, ESQUIRE of Counsel
        Attorney for Defendants, **Town of Amherst, Officer Thomas Brown**

O'DONNELL, J., Supreme Court Justice

Plaintiff was convicted of robbery in the first degree (PL 155.35) and criminal possession of stolen property (PL 165.30) in the third degree. On October 27, 2005, plaintiff was sentenced to serve twenty (20) years for the robbery conviction and three and one half (3 ½) years to seven (7) years on the stolen property conviction. His direct appeal of that conviction was affirmed (Peo. v. Ricks, 49 AD3d 1265, lv.denied 10 NY34 869).

Plaintiff then brought a motion pursuant to CPLR §440.10 to vacate the judgment of conviction. By order dated January 30, 2017 another Justice of this court granted plaintiff's motion with regard to the robbery conviction, but denied the motion as to plaintiff's conviction for possession of stolen property.

Plaintiff commenced this action seeking damages from various individuals involved with his arrest and conviction. The action was filed on January 31, 2018. The County of Erie and the Town of Amherst have moved to dismiss the action.

Defendants allege that the malicious prosecution action was filed outside the applicable one year statute of limitations under CPLR 215, which by their calculation ran January 30, 2018. Plaintiff has filed a Reply Brief and Memorandum seeking to have the court determine that the filing occurred January 29, 2018, at the time he forwarded the Summons and Complaint to the e-filing system by email with all necessary identification and payment information. This followed various failed attempts by plaintiff's counsel's office to upload the documents to that system.

The plaintiff's claim for false arrest/false imprisonment does not accrue until plaintiff is released from custody. Counsel for Amherst concedes this did not take place until on or about February 3, 2018. The timeliness of this claim cannot be disputed.

It is preferred that matters be determined on the merits. Plaintiff's request to have the court

find that the matter was timely filed January 29, 2018 is granted.

The complaint must be dismissed on the merits, however. Plaintiff alleges malicious prosecution. To succeed on that claim, he must plead that there was no probable cause for the criminal proceeding. Plaintiff has failed to plead this element. Furthermore, it has long been the rule in New York that a conviction after a jury trial presumes probable cause and defeats a claim for malicious prosecution (Broughton v. State of New York, 37 NY2d 457). A conviction remained after the determination on plaintiff's 440 motion. Plaintiff's claim of malicious prosecution and by necessity of false arrest against the Town of Amherst, must therefore be dismissed.

Plaintiff's claim against the County of Erie and Assistant District Attorney McHale must also fail. Plaintiff has failed to allege a special relationship with the County. Plaintiff also failed to allege any conduct that would remove the cloak of immunity granted to prosecutors, (Kirchner v. County of Niagara, 107 AD3d 1620; Gala v. County of Livingston, 174 AD2d 1048).

New York does not recognize a claim against municipalities for negligent hiring or training, in circumstances such as those alleged here where parties are acting within the scope of their employment. (Karoon v New York City Tr. Auth., 241 AD2d 323).

Therefore, the defense motions are granted and the complaint against them dismissed.

Submit order in accordance with this memorandum.

JOHN F. O'DONNELL
Supreme Court Justice

DATED: July 2, 2018

cc: M. Laub, esq.
M. Huggins, esq.
A. Targia, esq.
M. Chmiel, esq.

-3-