UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEYONTAY RICKS,

        Plaintiff,

    v.

THOMAS BROWN, CHRIS DATES, and
MARK JOSEPH LAUBER,

        Defendants.

20-CV-00043-LJV-HBS
DECISION & ORDER

        On January 10, 2020, the plaintiff, Keyontay Ricks, commenced this action under 42 U.S.C. § 1983.  Docket Item 1.  On February 17, 2020, the case was referred to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B).  Docket Item 8.  On February 24, 2020, defendant Thomas Brown moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, Docket Item 7, and on March 2, 2020, Ricks responded, Docket Item 10.  On July 10, 2020, Judge Scott issued a Report and Recommendation ("R&R") finding that Brown's motion should be granted.  Docket Item 14.

        On July 20, 2020, Ricks objected to the R&R on the grounds that Judge Scott erred in (1) finding that Ricks's claims for malicious prosecution and false imprisonment were barred by the doctrine of res judicata and (2) finding that Ricks's claims for due process violations were barred for the same reason.  Docket Item 15.  On August 5, 2020, Brown responded to the objections.  Docket Item 17.  And on August 12, 2020, Ricks replied.  Docket Item 18.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Scott. Based on that *de novo* review, the Court accepts and adopts Judge Scott's recommendation to grant Brown's motion to dismiss.

## BACKGROUND

**I.   THE 2004 ARREST**

The complaint tells the following story. On June 28, 2004, Brown arrested Ricks for his alleged involvement in a robbery. Docket Item 1 at 5-11. Following a jury trial, Ricks was convicted in June 2005 of first-degree robbery and third-degree criminal possession of stolen property. *Id.* at 16. On October 27, 2005, Ricks was sentenced to a determinate term of twenty years of incarceration on the first conviction, and a concurrent, indeterminate term of three-and-one-half years on the second. *Id.*

More than a decade later, on January 30, 2017, the robbery conviction was vacated on collateral appeal. *Id.* at 17. The stolen-property conviction, however, was upheld. *Id.* at 16-17. Because Ricks already had served the maximum term for the stolen-property conviction, he was released from prison. *Id.*

**II.     THE 2018 LAWSUIT**

In January 2018, Ricks sued Brown in New York State Supreme Court, Erie County.  *See* Docket Item 7-4.  Among other claims, Ricks sought damages under state law for false arrest, false imprisonment, and malicious prosecution.  Docket Item 15-3 at 9-13.

Brown moved to dismiss the complaint for multiple reasons under N.Y. C.P.L.R. § 3211, including failure to state a cause of action.  Docket Item 15-4 at 7-8.  He argued that Ricks's complaint was not timely but that even if it was, Ricks had not adequately pleaded an essential element of the malicious prosecution claim—favorable termination. *See id.*  In fact, Brown argued that Ricks could not possibly have pleaded that element: Because "[Ricks's] conviction for possession of stolen property was upheld" on collateral review, "the [relevant] criminal proceeding did not terminate in [Ricks's] favor." *Id.* at 8.  He also asserted that because "[Ricks's] conviction for possession of stolen property was upheld, . . . [that] show[ed] conclusive proof that the arrest was based on probable cause," defeating his claims for false arrest and false imprisonment.  *Id.* at 52 (citing *Broughton v. State of New York*, 37 N.Y.2d 457, 458 (1975)).[1]

---

[1] In *Broughton*, the New York Court of Appeals explained that when an individual is arrested without a warrant:

> [E]vidence of a subsequent arraignment or indictment is admissible as some proof of the presence of probable cause.  Moreover, a conviction which survives appeal would be conclusive evidence of probable cause.  On the other hand, evidence of a subsequent dismissal, acquittal[,] or reversal on appeal would also be admissible to refute the [existence of probable cause].

37 N.Y.2d at 458; *see also* a *Whitmore v. City of New York*, 80 A.D.2d 638, 639 (N.Y. App. Div. 1981) ("Generally, a conviction which survives appeal would constitute conclusive evidence of probable cause of initiating a criminal prosecution, and would therefore be fatal to the maintenance of a cause of action

3

After rejecting the timeliness argument, Hon. John F. O'Donnell found that "[t]he complaint must be dismissed on the merits." *See id.* at 6-7. He explained that Ricks "ha[d] failed to plead" a necessary element of a claim for malicious prosecution: that "there was no probable cause for the criminal proceeding." *Id.* at 7. "Furthermore," Justice O'Donnell continued, because "it has long been the rule in New York that a conviction after a jury trial presumes probable cause and defeats a claim for malicious prosecution," and because "[a] conviction remained after the determination of plaintiff's [motion for collateral review]," Ricks's "claim of malicious prosecution and by necessity of false arrest . . . must . . . be dismissed." *Id.* (citing *Broughton*, 37 N.Y.2d 457).

There is no record that Ricks moved to amend the state court complaint or appealed the dismissal order. *See* Docket Item 33 at 30-31 (Ricks's implicitly conceding as much).

### III.    THE CURRENT LAWSUIT

Ricks filed this action for civil damages in January 2020. *See* Docket Item 1. He seeks relief against Brown for malicious prosecution and false imprisonment, now under section 1983. *Id.* Ricks has revised the allegations from the state court complaint and presently asserts that two other individuals "planned a scheme, in which [they] would stage a robbery"; Brown knew about that scheme; but for various reasons, Brown

---

for malicious prosecution. Where, however, that affirmed conviction has subsequently been vacated on evidentiary grounds, there exists, at the least, a question as to whether the presumption of probable cause survives. In any event, where a plaintiff can establish that his conviction was obtained by fraud, perjury, conspiracy, or other undue means (*e.g.*, the misrepresentation, falsification or withholding of material evidence), a cause of action for malicious prosecution may nevertheless be sustained." (citations omitted)).

4

nevertheless chose to fabricate evidence implicating Ricks and to hide evidence exculpating Ricks. *Id.* at 4, 5-16.

## DISCUSSION

### I. LEGAL STANDARD

To decide a motion to dismiss for failure to state a claim upon which relief may be granted, courts "ask whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The court accepts as true all well-pleaded factual allegations in the complaint [and] draws all reasonable inferences in favor of the nonmoving party." *Id.* (citation omitted). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). But courts "are not bound to accept as true a legal conclusion couched as a factual allegation," nor will "a formulaic recitation of the elements of a cause of action" suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In making this determination, a court "considers, in addition to the complaint, and written instruments attached, statements incorporated by reference, and public disclosure documents." *Gamm*, 944 F.3d at 462 (citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers*, 282 F.3d at 153 (citation omitted).

## II. RES JUDICATA

The principal legal issue addressed by the R&R is whether, due to the state lawsuit, Ricks is precluded from raising his claims in the current action. Judge Scott found that Ricks's claims are, in fact, precluded under the doctrine of *res judicata*. *See* Docket Item 14 at 7-8. This Court agrees.

Collateral estoppel—sometimes called issue preclusion—"applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011) (quoting *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010)). The separate doctrine of *res judicata*—or claim preclusion—"holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Bank of N.Y.*, 607 F.3d at 918 (2d Cir. 2010) (quoting *Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 284 (2d Cir. 2000)). The *res judicata* bar extends to "all . . . claims arising out of the same transaction or series of transactions . . . , even if based upon different legal theories or seeking a different remedy." *O'Brien v. Syracuse*, 54 N.Y.2d 353, 357 (1981).

### A. Malicious Prosecution and False Imprisonment

With respect to Ricks's claim for malicious prosecution, the threshold question is whether Justice O'Donnell's decision constituted a "final judgment on the merits." *See Bank of N.Y.*, 607 F.3d at 918. "As a general rule, a dismissal [under C.P.L.R. §

6


3211(a)(7)] for failure to state a cause of action is not on the merits and, thus, will not be given *res judicata* effect." *Pereira v. St. Joseph's Cemetery*, 78 A.D.3d 1141, 1142 (N.Y. App. Div.  2010); *see also* N.Y. C.P.L.R. § 5013 ("A judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise, but a judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits unless it specifies otherwise."). That general rule gives way, however,  if the judgment "specifies otherwise," N.Y. C.P.L.R. § 5013, or if the dismissal is "manifestly on the merits," *Pitcock v. Kasowitz, Benson, Torres & Friedman, LLP*, 80 A.D.3d 453, 454 (N.Y. App. Div. 2011) (finding that a prior dismissal "was not merely a dismissal for a technical pleading defect, but a dismissal manifestly on the merits, based on a finding that [the] plaintiff's own admissions precluded him from prevailing on his cause of action against such defendants, regardless of what other facts he might allege").[2]  "The disposition need not contain the words 'on the merits' if it appears from the judgment that the dismissal was on the merits."  *City of New York v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256, 264

---

[2] *See also Blake v. City of New York*, 144 A.D.3d 1071, 1073 (N.Y. App. Div. 2016) (finding that a prior dismissal under section 3211(a)(7) precluded a second action premised on the same transaction because the first dismissal was not "for a mere failure to include the statutory language in the complaint" but instead, "when taken as a whole, determined that the facts alleged, even if true, did not state a cause of action predicated upon violation of th[e] statute [at issue]"); *Lampert v. Ambassador Factors Corp.*, 266 A.D.2d 124, 124-25 (N.Y. App. Div. 1999) (finding that a prior dismissal "constitute[d] *res judicata* barring the instant action" because the former "was not merely for a technical pleading defect, but manifestly on the merits, based on a finding that plaintiff's failure to exercise such due diligence precluded him from prevailing on his fraud cause of action against such defendants, regardless of what other facts he might allege" (citations omitted)).

(E.D.N.Y. 2004) (quoting *Strange v. Montefiore Hospital and Medical Ctr.*, 59 N.Y.2d 737, 739 (1983)).

Here, Justice O'Donnell explicitly stated that "[t]he complaint must be dismissed *on the merits.*" *See* Docket Item 7-4 at 7 (emphasis added). For several reasons, including both judicial economy and principles of federal comity, this Court is reluctant to infer that Justice O'Donnell meant anything other than exactly what he said.

Ricks asserts that Justice O'Donnell used the term "on the merits" to distinguish the issue of timeliness from the pleading issue. Docket Item 15 at 27. But it is clear from Justice O'Donnell's decision that he dismissed the complaint both because Ricks had not pleaded a viable claim and because he had no claim to plead. In Justice O'Donnell's words, because "a conviction after a jury trial presumes probable cause and defeats a claim for malicious prosecution," and because "[a] conviction remained after the determination of plaintiff's [motion for collateral review]," Ricks had no claim for malicious prosecution or false arrest. So even if Ricks is correct that Justice O'Donnell used "on the merits" as a shorthand way to distinguish the timeliness issue, it still "appears from the judgment," *Beretta*, 315 F. Supp. 2d at 264—indeed, it is quite clear—that Justice O'Donnell dismissed the complaint based on a substantive deficiency. Docket Item 7-4 at 7.

Any doubt about that conclusion is resolved by other language in Justice O'Donnell's decision. For example, Justice O'Donnell found determinative the fact that "[a] conviction remained" even after the robbery conviction was vacated, *id.*—a fact that Ricks concedes could not be remedied through more artful pleading. And Justice O'Donnell's conclusion that Ricks's claim "*must* . . . be dismissed," *id.* (emphasis

8

added), leaves little doubt that he perceived the *Broughton* rule to be non-rebuttable, the remaining stolen-goods conviction to be fatal to Rick's claims, or both.

Whether Justice O'Donnell's reading of the *Broughton* rule was correct is a separate question that this Court need not address. In urging otherwise, Ricks attempts, in essence, to have this Court review Justice O'Donnell's decision. But the appropriate forum for that was the Appellate Division of New York State Supreme Court. Stated differently, Ricks's argument that "the presumption created by a conviction, which has since been vacated, is not a complete bar to a malicious prosecution action, rather it merely creates a rebuttable presumption, which can be rebutted where there was misconduct in securing the conviction," *see* Docket Item 33 at 16, should have been raised on appeal in state court. It is not the province of this Court to review final state court decisions. The same is true for Rick's argument that Judge Scott erroneously "conflate[d] probable cause to arrest with probable cause to believe that [Ricks] could be successfully prosecuted [for robbery]." *Id.* at 20.

In short, this Court agrees with Judge Scott that the state court dismissal constituted a "final judgment on the merits." Ricks's claim for malicious prosecution therefore is dismissed with prejudice.

### B. Remaining Claims

Ricks also argues that Judge Scott erred in dismissing his remaining claims because they were brought under the Due Process Clause and do not require, as an element, the absence of probable cause. This argument confuses the doctrines of issue and claim preclusion. The latter—applicable here because the state court dismissal constituted a final judgment on the merits—bars not only claims that actually

were brought and litigated, but also any "issues that . . . *could* have been raised in that action." *Bank of N.Y.*, 607 F.3d at 918 (emphasis added). And that includes "all . . . claims arising out of the same transaction or series of transactions . . . , even if based upon different legal theories or seeking a different remedy," *O'Brien*, 54 N.Y.2d at 357. Because Ricks's remaining claims alleging evidence fabrication, denial of a fair trial, evidence suppression, and unlawful detention plainly arise from the same series of events—Ricks's arrest, prosecution, and conviction stemming from the incident on June 28, 2004—the Court agrees with Judge Scott that they must be dismissed as well.

## **CONCLUSION**

For the reasons stated above and in the R&R, Brown's motion to dismiss, Docket Item 7, is GRANTED, and the Clerk of the Court shall terminate Brown as a party to this action.

The case is referred back to Judge Scott under 28 U.S.C. § 636(b)(1)(A) to hear and determine all non-dispositive pretrial matters in this case.

SO ORDERED.


Dated: September 21, 2020
Buffalo, New York


 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE