UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEYONTAY RICKS,

        Plaintiff,

    v.                                     20-CV-43-LJV-LGF
                                         DECISION & ORDER

THOMAS BROWN, *et al.*,

        Defendants.

---

On January 10, 2020, the plaintiff, Keyontay Ricks, commenced this action under 42 U.S.C. § 1983 for, among other things, malicious prosecution and wrongful imprisonment. *See* Docket Item 1. The case is now before this Court on defendants Chris Dates's and Mark Joseph Lauber's motion for judgment on the pleadings. Docket Item 23.

In 2005, Ricks had been convicted in a New York State court for first-degree robbery and third-degree criminal possession of stolen property. Docket Item 1 at ¶ 122. More than a decade later, Ricks's robbery conviction was vacated in a state collateral proceeding. *Id.* at ¶ 136. About a year after that, Ricks sued several defendants for false arrest and malicious prosecution in New York State Supreme Court, Erie County. Docket Item 23-3. After the state court dismissed some of his claims, Ricks filed this case bringing similar claims under 42 U.S.C. § 1983. *See* Docket Items 1, 23-4.

On September 21, 2020, this Court accepted the late United States Magistrate Judge Hugh B. Scott's recommendation to dismiss Ricks's claims against defendant Thomas Brown because those claims were barred by the doctrine of *res judicata*.

Docket Item 19.  The remaining defendants, Dates and Lauber, then moved for judgment on the pleadings, arguing that Ricks's claims against them likewise are barred by *res judicata* and, because of this Court's prior decision, by law of the case.  Docket Item 23.

On June 2, 2022, United States Magistrate Judge Leslie G. Foschio, to whom this case had been reassigned, issued a Report and Recommendation ("R&R") finding that Dates's and Lauber's motion should be granted and the case dismissed.  Docket Item 29.  Ricks objected to that recommendation, and Dates and Lauber responded to Ricks's objection.  Docket Items 30, 36.  On October 31, 2022, this Court requested additional briefing on whether the state court had entered final judgment on Ricks's claims against Dates and Lauber and, if not, whether the state court's decision has *res judicata* effect on Ricks's remaining claims in this case.  Docket Item 37.  The parties then filed supplemental briefing, and Dates and Lauber responded to Ricks's supplemental brief.  Docket Items 38-40.

Because this Court should have addressed Dates's and Lauber's motion for judgment on the pleadings in the first instance, the Court now considers the motion *de novo*.[1]  For the reasons stated below, the Court denies Dates's and Lauber's motion for judgment on the pleadings.

---

[1] This Court originally referred the case to Judge Scott for all pre-trial matters under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 8.  When this Court adopted Judge Scott's recommendation, it referred the case back to him only under 28 U.S.C. § 636(b)(1)(A).  *See* Docket Item 19.  But both Judge Foschio, to whom this case was reassigned after Judge Scott's death, and this Court subsequently overlooked the change in the referral order, and Judge Foschio issued an R&R pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  Because Judge Foschio did not have the authority to issue that R&R under this Court's limited referral, this Court apologizes to him and decides the motion *de novo*.

## **FACTUAL BACKGROUND**[2]

On December 8, 2004, Ricks was indicted for first-degree robbery, grand larceny, and third-degree possession of stolen property. Docket Item 1 at ¶ 113. Those charges stemmed from a robbery scheme concocted by Kurtel Walker, who was Ricks's family friend, and Antwyninas Degraffenried, who worked at a Buffalo Rent-A-Center. *Id.* at ¶¶ 28, 31, 33-34. To settle an outstanding debt, Walker and Degraffenried planned to stage a robbery "while Degraffenried was making his customary bank deposit of the Rent[-]A[-]Center's funds." *Id.* at ¶ 33. More specifically, they agreed that Degraffenried would "hand Walker the Rent[-]A[-]Center's funds[] and pretend to have been robbed, [] Walker would take [the] funds" that Degraffenried owed him, and the two of them would split the rest. *Id.* at ¶ 34. Walker and Degraffenried staged the robbery on June 28, 2004, and Degraffenried subsequently called the police to report the sham robbery. *Id.* at ¶ 38, 42.

Ricks, who was unaware of the plan, nevertheless became entangled in law enforcement's investigation because he unwittingly drove Walker to the scene of the staged robbery. *Id.* at ¶¶ 35-38, 43. Ricks was taken into custody and ultimately charged in a criminal complaint signed by Dates. *Id.* at ¶ 93. Ricks says that Dates and Lauber, two Buffalo police officers who were detectives on the case, *see id.* at ¶¶ 63,

---

[2] The following facts are taken from the complaint, Docket Item 1, and the state court filings that the parties have submitted. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("On a [Rule] 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." (citation and internal quotation marks omitted)).

65, engaged in misconduct during the investigation that led to Ricks's being falsely charged, *see, e.g.*, *id.* at ¶¶ 75, 77, 79.

Ricks was tried in New York State Supreme Court, Erie County, and ultimately was convicted of first-degree robbery and third-degree possession of stolen property.[3] *Id.* at ¶¶ 117, 122.  He was sentenced to twenty years' imprisonment on the robbery charge and two-and-one-third to seven years' imprisonment on the stolen property charge, with the sentences to run concurrently.  *Id.* at ¶ 126.

On January 30, 2017, Ricks's robbery conviction was vacated in a state collateral proceeding.  *Id.* at ¶ 136.  The state court did not, however, vacate Ricks's conviction for possession of stolen property.  *Id.* at ¶ 137.  On February 3, 2017, Ricks—who at that point had been incarcerated far longer than the time imposed for the stolen property conviction—was released from prison.  *Id.* at ¶ 138.

About a year after that, Ricks filed suit in New York State Supreme Court, Erie County, bringing negligence, false arrest, false imprisonment, and malicious prosecution claims.  Docket Item 23-3.  He named various municipalities and municipal employees as defendants, including the three defendants in this case: Dates, Lauber, and Brown. *Id.*  Brown was a police officer in Amherst at the time of Ricks's arrest.  *See* Docket Item 1; Docket Item 23-3.

Brown and the Town of Amherst then moved to dismiss the complaint against them under N.Y. C.P.L.R. § 3211, arguing that Ricks's complaint should be dismissed based on documentary evidence, *see* N.Y. C.P.L.R. § 3211(a)(1), because it was untimely, *see id.* § 3211(a)(5), and for failure to state a cause of action, *see id.* §

---

[3] The trial court dismissed the grand larceny charge.  Docket Item 1 at ¶ 118.

4

3211(a)(7).  *See* Docket Item 15-4.  As noted in this Court's prior order, Brown argued that Ricks's claims were barred by the statute of limitations and, even if timely, were not viable because Ricks failed to allege an essential element of a malicious prosecution claim—favorable termination.  *See id.*  And Brown said that because Ricks's stolen property conviction remained on the books after his collateral appeal, his arrest was supported by probable cause and therefore his false arrest and false imprisonment claims were not viable.  *See id.* at 9-10 (citing *Broughton v. State of New York*, 37 N.Y.2d 451, 335 N.E.2d 310 (1975)).[4]

On July 2, 2018, New York State Supreme Court Justice John F. O'Donnell issued a written decision on Brown's and Amherst's motions.[5]  Justice O'Donnell rejected the timeliness argument but nevertheless concluded that "[t]he complaint must be dismissed on the merits."  Docket Item 23-4 at 6-7.  Justice O'Donnell explained that Ricks's malicious prosecution claim was not viable because he "ha[d] failed to plead" that "there was no probable cause for the criminal proceeding."  *Id.* at 7.  Justice O'Donnell further concluded that Ricks's malicious prosecution and false arrest claims

---

[4] In *Broughton*, the New York Court of Appeals explained that when an individual is arrested without a warrant,

> evidence of a subsequent arraignment or indictment is admissible as some proof of the presence of probable cause.  Moreover, a conviction which survives appeal would be conclusive evidence of probable cause.  On the other hand, evidence of a subsequent dismissal, acquittal or reversal on appeal would also be admissible to refute the affirmative defense of justification.

*Broughton*, 37 N.Y.2d at 458, 335 N.E.2d at 315.

[5] Justice O'Donnell also granted Erie County's and Assistant Erie County District Attorney Michael McHale's motions to dismiss.  Docket Item 23-4.

5

"must [] be dismissed" because "[a] conviction remained after the determination" of Ricks's collateral appeal and "it has long been the rule in New York that a conviction after a jury trial presumes probable cause and defeats a claim for malicious prosecution." *Id.* For those reasons, Justice O'Donnell concluded that "the defense motions are granted and the complaint against them dismissed." *Id.* Justice O'Donnell subsequently issued a separate order in which he "ordered, adjudged and decreed[] that the summons and complaint of the plaintiff, Keyontay Ricks, is hereby dismissed in its entirety with respect to the defendants, Town of Amherst, Officer Thomas Brown, County of Erie and A.D.A. Michael McHale, along with all cross-claims against these defendants." *Id.* at 1-3. (capitalization removed).

After Justice O'Donnell issued that order, nothing else of substance happened in the case. The case docket reflects that a notice of appeal was filed but then was "returned for correction." Docket Item 23-5 at 2 (capitalization removed). The case is marked as "disposed" on the New York State Courts Electronic Filing system. *Id.* at 1.

## LEGAL PRINCIPLES

The standard for deciding a Rule 12(c) motion is "the same standard [that applies] to dismissals pursuant to Rule 12(b)(6)." *L-7 Designs*, 647 F.3d at 429 (alterations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

6

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

"The doctrine of claim preclusion," otherwise known as *res judicata*, "holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) (alterations omitted) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). "[W]hen evaluating the preclusive effects of a state court judgment," a court "appl[ies] the doctrine of *res judicata* 'under the law of the State in which the judgment was rendered.'" *Russo v. City of New York*, 705 F. App'x 38, 39 (2d Cir. 2017) (summary order) (italicization added) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

"New York law has adopted a 'transactional approach' to claim preclusion." *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007). The "transactional approach dictates that 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transaction[s] are barred.'" *Russo*, 705 F. App'x at 39 (alterations omitted) (quoting *McKithen*, 481 F.3d at 104). So a prior New York State court judgment "precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties or their privies involving the same subject matter, even when the claim is based upon different legal theories or seeks

different or additional relief." *Dekom v. Fannie Mae*, 846 F. App'x 14, 19 (2d Cir. 2021) (summary order) (alterations, citations, and internal quotation marks omitted).

This Court previously found that Justice O'Donnell's decision granting Brown's motion to dismiss precluded Ricks's claims against Brown here. Docket Item 19. Dates and Lauber argue that Ricks's claims against them likewise are barred by *res judicata* because Justice O'Donnell dismissed Ricks's claims against them too.[6] Docket Items 23, 25, 38, 40. And Dates and Lauber say that even if Justice O'Donnell did not dismiss Ricks's claims against them, the decision nevertheless precludes Ricks's remaining claims here because they are in privity with Brown. Docket Item 38 at 3-6. For the reasons that follow, this Court disagrees.

First, Justice O'Donnell never dismissed Ricks's claims against Dates and Lauber. Although Justice O'Donnell wrote in his decision that "[t]he complaint must be dismissed on the merits," he did that in the context of a motion to dismiss the complaint brought by only some defendants, and in the same decision he specifically said that "the defense motions are granted and the complaint *against them* dismissed." Docket Item 23-4 at 7 (emphasis added). Moreover, any ambiguity in Justice O'Donnell's decision is clarified by his accompanying order, which reflects that Justice O'Donnell "ordered, adjudged[,] and decreed[] that the summons and complaint . . . is hereby dismissed in its entirety *with respect to the defendants*[] Town of Amherst, Officer Thomas Brown, County of Erie[,] and A.D.A. Michael McHale." *Id.* at 3 (emphasis added and

---

[6] This Court previously found that Justice O'Donnell's decision, which granted Brown's motion to dismiss, precluded Ricks's claims only against Brown. Docket Item 19. Because Justice O'Donnell's decision does not have *res judicata* effect on Ricks's claims against Dates and Lauber for the reasons stated below, the law of the case does not bar Ricks's claims here.

capitalization removed). In other words, Justice O'Donnell decided only the motions before him and adjudged the claims only against the Town of Amherst, Brown, Erie County, and McHale to be dismissed; he did not dismiss Ricks's claims against the remaining defendants.

Dates and Lauber are correct that a court may dismiss claims even when a defendant does not move for dismissal, *see* Docket Item 40 at 1-2, but that is not what happened here. Instead, Justice O'Donnell dismissed the complaint only "with respect to the defendants" who moved for that relief. Docket Item 23-4 at 3. And without some clearer indication that Justice O'Donnell granted the same relief to defendants who did not ask for it, this Court will not infer that he dismissed all Ricks's claims against all defendants.

So neither Justice O'Donnell's decision nor his subsequent order addressed Ricks's claims against Dates and Lauber. For some reason not reflected on the docket, however, the case is marked "disposed" on the New York State Courts Electronic Filing system. *See* Docket Item 23-5. Dates and Lauber therefore argue that this must mean that the state court dismissed Ricks's claims against them and entered final judgment in the case. *See* Docket Item 38 at 3.

But due to some arcane idiosyncrasies of New York State procedure, that is not necessarily true. *See Arroyo v. Bd. of Educ. of City of N.Y.*, 110 A.D.3d 17, 21, 970 N.Y.S.2d 229, 233 (2d Dep't 2013) (finding that "when the matter in this case was 'marked off' the calendar and later marked 'disposed,' those acts were a nullity" because "th[e] action was never properly dismissed"). And while there is a document "adjudg[ing]" Ricks's claims against some defendants to be dismissed, *see* Docket Item

9

23-4 at 1-3, that document does not extend to Dates and Lauber. So whatever the reason that the state court case is marked as "disposed," it is not because Justice O'Donnell dismissed Ricks's complaint in its entirety when he decided the other defendants' motions to dismiss.

Nor have Dates and Lauber established that they are in privity with Brown.[7] "Government officials sued in their official capacities are generally considered to be in privity with the government entity that they serve," so "[a] prior judgment in favor of a government will generally bar actions against officials of the government in their official capacity for the same claim." *Fabian v. Pappalardo*, 395 F. Supp. 3d 257, 264 (S.D.N.Y. 2019). But "[t]he same is not true for government officials sued in their individual capacities." *Id.* And more to the point, courts have declined to apply *res judicata* in suits involving "members of entirely different government entities." *Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 421 (E.D.N.Y. 2021).

Here, Ricks has sued Dates and Lauber for money damages under section 1983, presumably claims brought against them in their individual capacity. *See* Docket Item 1. And Dates and Lauber worked as Buffalo police officers at the time of Ricks's arrest and prosecution, while Brown worked for the Amherst Police Department. *See id.* at ¶¶ 10-

---

[7] Dates and Lauber argue that even if Justice O'Donnell never dismissed Ricks's claims against them, they are in privity with Brown for the purposes of Brown's motion to dismiss and therefore Ricks's claims against them now must be dismissed. That argument may sound more in issue preclusion than *res judicata*, but Dates's and Lauber's motion is based solely on law of the case and claim preclusion. *See* Docket Item 37 at 2 n.1. The Court therefore does not address whether Ricks's claims might be barred by issue preclusion or for some other reason. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do [the] work, create the ossature for the argument, and put flesh on its bones.").

12. So while Dates and Lauber argue that they "should be considered in privity" with Brown because all three defendants were "members of local [law] enforcement agencies that serve the same purpose in adjacent communities," Docket Item 38 at 6, courts have declined to find privity under such circumstances,[8] *see Dean*, 527 F. Supp. 3d at 421.

For those reasons, Dates and Lauber have not established that Justice O'Donnell dismissed the complaint against them, and they have not shown that they are in privity with Brown. In the absence of any other argument as to how *res judicata* applies here, Dates's and Lauber's motion for judgment on the pleadings is denied. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997) ("The burden is on the party seeking to invoke *res judicata* to prove that the doctrine bars the second action.").

## **CONCLUSION**

For the reasons stated above, Dates's and Lauber's motion for judgment on the pleadings, Docket Item 23, is DENIED. The case is referred back to Judge Foschio for further proceedings consistent with the limited referral order of September 21, 2020, Docket Item 19.

---

[8] Nor does the fact that Ricks has "sued the defendants jointly and severally," *see* Docket Item 38 at 5, necessarily mean that they are in privity with one another. *Cf. United States v. Manning Coal Corp.*, 977 F.2d 117, 122 (4th Cir. 1992) ("Claims against joint obligors . . . are generally regarded as separate and distinct for *res judicata* purposes. . . . The essence of joint and several liability is that a creditor, including the government, may sue one or more of the parties to such liability separately, or all of them together at his option." (alterations, citation, and internal quotation marks omitted) (italicization added)).

SO ORDERED.

Dated: February 15, 2023
        Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE