UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEYONTAY RICKS,                                            **DECISION**
                                                              **and**
                          Plaintiff,                        **ORDER**

        v.
                                                         **20-CV-43LJV(F)**
CHRIS DATES,
MARK JOSEPH LAUBER,

                          Defendants.

ERIE COUNTY DISTRICT ATTORNEY'S OFFICE,

                          Non-Party.
_____

APPEARANCES:          LAW OFFICE OF MICHAEL H. JOSEPH PLLC
                      Attorneys for Plaintiff
                      MICHAEL H. JOSEPH, of Counsel
                      203 East Post Road
                      White Plains, New York 10601

                      CAVETTE A. CHAMBERS
                      CITY OF BUFFALO CORPORATION COUNSEL
                      Attorney for Defendants
                      DAVID M. LEE, Assistant Corporation Counsel, of Counsel
                      1100 City Hall
                      65 Niagara Square
                      Buffalo, New York   14202

                      MICHAEL J. KEANE
                      ACTING DISTRICT ATTORNEY
                      Attorney for Non-Party
                      PAUL J. WILLIAMS, III, Assistant District Attorney, of
                      Counsel
                      25 Delaware Avenue
                      Buffalo, New York 14202


        In this § 1983 action, Plaintiff alleges Defendants maliciously prosecuted him for

being an accessory to a robbery that he was not involved in thereby constituting a

violation of Plaintiff's rights under the Fourth Amendment and a denial of due process under the Fourteenth Amendment.  As a result of Defendants' fabrication of evidence and withholding of exculpatory evidence, Plaintiff alleges he was convicted of robbery and receiving stolen property.  Specifically, Plaintiff alleges that on June 28, 2004, Plaintiff and three other persons were passengers in a vehicle that stopped near a business on Bailey Avenue in the City of Buffalo at which time one of the passengers, Kurtel Walker, then 15 years old, purported to rob an employee of the business of $3,488 as part of a scheme under which Walker would be repaid by the employee for a drug related debt.  Upon returning to the car, Waker did not inform the other passengers, including Plaintiff, of the fake robbery and Plaintiff had no prior knowledge about the scheme.  Shortly thereafter the car was stopped by Defendant Brown, a Town of Amherst police officer, at Plaintiff's apartment in the Town of Amherst.[1]  Each person was transported in a police car to the Bailey Avenue business where the victim was unable to identify the robber.  Walker claims he stashed the stolen funds in the police car which brought him back to the scene.  Plaintiff further alleges Defendants Dates and Lauber coerced Walker into giving a statement implicating Plaintiff as having had prior knowledge of Walker's scheme and having planned the robbery with Walker a "few hours beforehand." (Dkt. 56 at 43).  After giving this statement to Defendants Dates and Lauber, Walker attempted to recant the statement the next day but Defendants refused to accept Walker's attempted recantation of Plaintiff's involvement in the robbery and suppressed such fact from the prosecutor.  Plaintiff also alleges Brown fabricated inculpatory statements attributed to Plaintiff, that Brown initiated Plaintiff's prosecution, and that Defendants Lauber and Dates also initiated and continued the Plaintiff's

---

[1]  Brown was dismissed as a Defendant by Decision and Order of Judge Vilardo (Dkt. 19) on September 21, 2020.

prosecution by falsely testifying before the Grand Jury concerning the events leading up to Plaintiff's arrest.  Plaintiff was subsequently convicted of robbery and possession of stolen property on June 30, 2005 and sentenced to 20 years on the robbery count and two and one-third years to seven years on the possession of stolen property count. Thereafter, on January 17, 2017, a state court vacated Plaintiff's robbery conviction based on newly discovered evidence; however, the court declined to vacate Plaintiff's possession of stolen property conviction.  Walker was granted youthful offender status in connection with the charges.

In connection with pretrial discovery, Plaintiff, on May 16, 2023, served the Erie County District Attorney ("ECDA") with a subpoena *duces tecum* pursuant to Fed.R.Civ.P. 45(a)(1) requesting copies of (1) the entire prosecution files for Plaintiff and Walker, (2) grand jury transcripts of testimony before the Grand Jury in Plaintiff's case, (3) all memoranda of witness interviews in connection with Plaintiff's case, (4) the prosecution file concerning Walker's case including all investigative documents, photographic evidence, videotape witness interviews and interrogations, chain of custody documents, 911 calls and radio communications by police officers involved in Plaintiff's investigation, and copies of e-mails of any employees of the Erie County District Attorney's office relating to Plaintiff.  Plaintiff represents that on December 19, 2019, Plaintiff provided to his attorney an executed Designation of Agent For Access To Sealed Records Pursuant to N.Y.C.P.L § 160.50[1][d] ("Designation of Agent") and on June 20, 2020 Walker also provided an executed Designation of Agent to Plaintiff's attorney.  According to Plaintiff, in response to Plaintiff's subpoena, the ECDA provided only redacted documents relating to the charges against Plaintiff but failed to provide

any grand jury transcripts or any responsive documents pertaining to Walker's prosecution.

In opposition, the ECDA contends that Plaintiff's subpoena cannot be enforced in its entirety as it requests disclosure of secret grant jury testimony, confidential youthful offender records regarding the prosecution of Walker, a minor at the time of the robbery, and sealed records pursuant to N.Y.Crim.Proc. Law § 160.50 ("§ 160.50") of two persons who were no-billed by the grand jury. (Dkt. 56 at 2)  As regards the requested grand jury transcripts, the ECDA argues that Plaintiff has failed to articulate a particularized need for such testimony. (Dkt. 56 at 5-6).  Accordingly, the ECDA requests Plaintiff's subpoena should be quashed. (Dkt. 56 at 1). Oral argument was deemed unnecessary.  The court turns to the merits of Plaintiff's motion.

(1)   <u>Prosecutor's Files</u>.

Plaintiff's Rule 45 subpoena requests the ECDA produce the entire prosecutor's files for both Plaintiff and Walker.  *See* (Dkt. 54-4) ¶¶ 1, 4.  In its September 13, 2023 e-mail response, *see* Exh. 6 to ECDA Cross-Motion To Quash And Opposition To Motion To Compel (Dkt. 56) at 46 ("ECDA's Cross-Motion to Quash"), the ECDA stated it would comply with the subpoena for Plaintiff's prosecution records, including Plaintiff's successful N.Y. Crim. Proc. Law § 440 motion records; however, the ECDA also indicated it could not comply with the subpoena for Walker's records as those records had been sealed in compliance with Walker's youthful offender adjudication, pursuant to N.Y. Crim. Proc. Law § 720.35[2] ("§ 720.35[2]"), as such provision requires a court order to permit disclosure.  *See id.*  The ECDA is incorrect.

Under applicable state law, where a youthful offender waives the protection of § 720.35[2], the court with jurisdiction over a subsequent civil pleading may order disclosure of the youthful offender's records.  *See Doe v. D'Angelo*, 62 N.Y.S.3d 680, 682 (4th Dept. 2017) (where a youthful offender has waived his statutory privilege under § 720.35[2], the court before which the privilege is waived can order the youthful offender records unsealed).  Here, given that as alleged by Plaintiff, *see* Complaint (Dkt. 1) ¶¶ 33, 38-42, 52, 76-78, 85-87, Walker played a central role in orchestrating the alleged fake robbery for which Plaintiff was, according to the § 440 decision of N.Y State Supreme Court, wrongly convicted, the subpoena seeks information relevant to Plaintiff's malicious prosecution § 1983 claim and as such is enforceable.  *See Haber v. ASN 50th Street, LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) ("'Subpoenas issued under Rule 45 are subject to Rule 26(b)(1)'s overriding "relevancy requirement.'") (quoting *Koch v. Greenburg*, 2009 WL 2143634, at * 2 (S.D.N.Y. July 14, 2009)).  On June 18, 2020, Walker also executed a Designation of Agent for producing criminal records pursuant to N.Y. Crim. Proc. Law § 160.50[1][d], *see* (Dkt. 54-4) at 5, thus, although not a party to this action, manifesting an intention to waive the confidentiality of his youthful offender records.  Further, Walker also submitted an affidavit, dated August 5, 2016, in which he exonerated Plaintiff from any culpability in connection with the alleged fake robbery on June 28, 2004 and which may have been relied upon by the § 440 court. *See* (Dkt. 54-6) at 13-14.  Thus, the court finds that Plaintiff's motion requesting disclosure of Walker's youthful offender record should be granted based on Walker's waiver of confidentiality.

The ECDA further contends Plaintiff's subpoena improperly seeks disclosure of the records pertaining to two individuals who the Grand Jury no-billed in connection with its investigation of Plaintiff's robbery charge, arguing that these individuals have not been publicly identified and as such are entitled to the confidentiality afforded by § 160.50.  *See* (Dkt. 56) at 8-10 (citing *Erie County District Attorney's Office v. Gugino*, 2021 WL 4172876, at *2 (W.D.N.Y. Sept. 14, 2021)).  Plaintiff does not directly respond to the ECDA's contention in regard to the two no-billed persons.  In *Gugino*, the court recognized that although federal courts are not bound by § 160.50, *Gugino*, 2021 WL 4172876, at *2 (citing cases), as a matter of comity, federal courts attempt to balance "'important federal interests in broad discovery,'" (quoting *MacNamara v. City of New York*, 2006 WL 3298911, at *2 (S.D.N.Y. Nov. 13, 2006)) "against the state's interest 'to ensure confidentiality for people' who "obtain a favorable outcome of their case thus attaching the protection provided by § 160.50" to avoid the potential for public stigma) (internal citations omitted)).  Here, unlike the facts in *Gugino*, 2021 WL 4172876, at *2, the two unnamed persons who were no-billed by the grand jury have not been publicly revealed and thus have retained their right to privacy afforded by § 160.50.  Absent any indication in the record of a waiver of such right, Plaintiff's motion must be denied with respect to those two individuals.

In addition, Plaintiff claims the ECDA provided documents in redated form.  *See* (Dkt. 54-1) at ¶ 8.  However, without further facts describing the specifics of the redacted documents which Plaintiff's has failed to provide, the court is unable to further address Plaintiff's motion with respect to such documents.  Accordingly, Plaintiff's motion with respect to Walker's youthful offender records is GRANTED and, with regard

to the two no-billed persons, is DENIED; as to the redacted documents request,

Plaintiff's motion is also DENIED without prejudice.

(2)     Grand Jury Transcripts.

As noted, Plaintiff's subpoena also seeks copies of all transcripts of grand jury

testimony in Plaintiff's case under Indictment No. 01561/2004.  *See* (Dkt. 54-4) at 3.

Plaintiff asserts federal courts have held such grand jury transcripts are discoverable in

malicious prosecution cases, like the instant case, in order to assist a plaintiff in

rebutting the presumption of probable cause, which is created by a grand jury

indictment, as a defense to Plaintiff's § 1983 claims.  *See* (Dkt. 54-2) at 4-5 (citing

cases).  In opposition to this request, the ECDA contends that Plaintiff has failed to

demonstrate a particularized need for the transcripts.  *See* (Dkt. 56) at 4 (citing

*Frederick v. New York City*, 2012 WL 4947806, at *7 (S.D.N.Y. Oct. 11, 2012).  In

*Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) ("*Rehberg*"), the Supreme Court held that a

grand jury witness has absolute immunity from any § 1983 claim based on the witness's

testimony.  In addition, ". . ., this rule may not be circumvented by claiming that a grand

jury witness conspired to present false testimony or by using evidence of the witness'

testimony to support any other § 1983 claim concerning the initiation or maintenance of

a prosecution."  *Id.*  Such immunity extends to "preparation" by a witness in connection

with giving grand jury testimony including "preparatory activity such as a preliminary

discussion in which the witness relates the substance of his intended testimony."  *Id.* at

369-70.  As relevant, this immunity extends to a witness who gives perjured testimony

before a grand jury, *see Frederick*, 2012 WL 4947806, at *8 n. 5 ("an officer who offers

perjured testimony before a grand jury would still receive absolute immunity against any

§ 1983 litigation based on that act of perjury").  The immunity also extends to exempting the witness from the burden of complying with pretrial discovery.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 113 n. 4 (stating that immunity provides protections against both liability as well as "the burden of 'broad reaching discovery.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)).

It is well-established that a party seeking to obtain state grand jury transcripts must establish a particularized need for such material, *i.e.*, by showing "'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'"  *Frederick,* 2012 WL 4947806, at *7 (quoting *Douglas Oil Co. of California v. Petrol Stops Nw.,* 441 U.S. 211, 222 (1979)).  To demonstrate the existence of a need to avoid a possible injustice, a § 1983 plaintiff alleging malicious prosecution must "'adduce facts that strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true.'"  *Ross v. City of New York*, 2017 WL 455410, at *1 (S.D.N.Y. Feb. 2, 2017) (quoting *Frederick*,  2012 WL 4947806, at **9-10).  However, *Rehberg* directs that "any showing of particularized need to unseal grand jury materials must be for reasons <u>other</u> <u>than</u> <u>to</u> discover evidence supporting a claim against a witness arising from that witness's grand-jury testimony."  *Barone v. United States*, 2015 WL 6736203, at *2 (S.D.N.Y. Oct. 29, 2015) (underlining added).

Here, Plaintiff has alleged that Defendant Lauber testified before the grand jury that indicted Plaintiff and committed perjury and fraud by failing to testify that Walker was coerced into incriminating Plaintiff and fails to testify that Walker had attempted to

recant his statement.  *See* Dkt. 1 ¶ 105.  Plaintiff has further alleged that Brown testified before the grand jury and also committed perjury and fraud by offering testimony which falsely implied Plaintiff was the source of the money stolen from the victim of the fake robbery.  *See* Complaint (Dkt. 1) ¶ 106.  *See also* Declaration of Counsel (Dkt. 54-1) ¶ 6 (averring that Walker's effort to recant his earlier statement implicating Plaintiff in the robbery was rebuffed by Defendants Lauber and Dates, that these Defendants also had coerced Walker into falsely implicating Plaintiff, and that Defendants failed to inform the prosecutor of such facts).  Thus, it is clear that Plaintiff seeks the Defendants' grand jury testimony in order to support Plaintiff's § 1983 malicious prosecution claim against Defendants including by rebutting the presumption of probable cause and, as such, Plaintiff's request is barred by the absolute immunity accorded Brown and Defendants Lauber and Dates (assuming Dates also testified before the Grand Jury) by *Rehberg*. Additionally, the Second Circuit has refused to permit further discovery where the case "revolves around absolute and qualified immunity."  *Cuoco v. Moritsugu*, 222 F.3d at 113 n. 4.

Plaintiff relies on *Bonds v. City of New York*, 2014 WL 2440542, at **9-10 (E.D.N.Y. May 30, 2014) ("*Bonds*"); *Anilao v. Spota*, 918 F.Supp.2d 157, 164 (E.D.N.Y. 2013) ("*Anilao*"); *Maldonado v. City of New York*, 2012 WL 2359836, at **4, 5 (S.D.N.Y. June 21, 2012) ("*Maldonado*"); *Frederick v. New York City*, 2012 WL 4947806, at *6 (S.D.N.Y. Oct. 11, 2012) ("*Frederick*"); and *Palmer v. Estate of Stuart*, 2004 WL 2429806, at *3 (S.D.N.Y. Nov. 1, 2004) ("*Palmer*").  *See* Plaintiff's Memorandum of Law (Dkt. 54-2) at 4-5.  However, none of these cases is apposite.  In *Bonds*, the court held that Plaintiff could not use defendant's grand jury testimony to demonstrate misconduct

based on *Rehberg's* scope of immunity and that plaintiff had failed to show any evidence, outside of defendant's grand jury testimony, sufficient to rebut the presumption of probable cause created by plaintiff's indictment.  *See Bonds*, 2014 WL 2440542, at **7, 9.  In *Anilao*, the court granted plaintiff's motion to obtain a grand jury transcripts based on the fact that the Appellate Division had issued a writ of prohibition against plaintiff's prosecution finding such prosecution unconstitutional thereby creating a risk of injustice if plaintiffs were deprived of the grand jury transcript.  *See Anilao*, 918 F.Supp.2d at 177-78.  Plaintiff points to no similar unusual circumstances in this case. In *Maldonado*, the court also denied plaintiff's request for a grand jury transcript because plaintiff failed to establish a particularized need for the minutes and that plaintiff's malicious prosecution claim was defeated by *Rehberg*.  *See Maldonado*, 2012 WL 2359836, at **3-4 (*Rehberg* negates any federal interest in plaintiff's § 1983 malicious prosecution claim thereby rendering plaintiff's request for grand jury minutes moot).  In *Frederick*, the court found that the grand jury testimony of a minor witness's identification of plaintiff should be provided to plaintiff in accordance with plaintiff's request.  *See Frederick*, 2012 WL 4947806, at *10.

Here, Plaintiff seeks the grand jury testimony of Defendants, not a non-party as was the case in *Frederick*.  In *Palmer*, the court granted plaintiff's, who was no-billed by the grand jury, motion to unseal the grand jury testimony of defendant who had arrested plaintiff on a narcotics possession charge.  Specifically, the court found that potential serious variances in the testimony received by the grand jury compared to that submitted at plaintiff's preliminary hearing on whether reasonable cause existed for plaintiff's arrest created the possibility of injustice if plaintiff was deprived of the

opportunity of obtaining the grand jury testimony on this issue.  *See Palmer*, 2004 WL 2429806, at *3.  As such, the facts of *Palmer* are substantially different from those presented by the instant case.  Thus, none of the cases relied upon by Plaintiff to support Plaintiff's motion present analogous circumstances and, for the reasons stated, are inapposite.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel (Dkt. 54) is GRANTED in part and DENIED in part; ECDA's Motion to Quash (Dkt. 56) is GRANTED in part and DENIED in part.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  September 27, 2020
          Buffalo, New York